IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOSEPH BRENNAN**, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**TRANSFINANCIAL COMPANIES, LLC**, a limited liability company,<br><br>Defendants. | Case No. 25-122<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT

1. Plaintiff Joseph Brennan ("Plaintiff" or "Brennan") brings this Class Action Complaint against Defendant Transfinancial Companies, LLC ("Defendant" or "Transfinancial") to: (1) stop Defendant's practice of placing calls using "an artificial or prerecorded voice" to the cellular telephones of consumers nationwide without their prior express consent; (2) enjoin Defendant from continuing to place prerecorded telephone calls to consumers who did not provide their prior written express consent to receive them, and (3) obtain redress for all persons injured by Defendant's conduct.

2. Defendant routinely violated 47 U.S.C. 227(b)(1)(A)(iii) by placing non-emergency telephone calls to consumers' cellular telephone numbers by using an artificial or prerecorded voice without the prior express consent of the consumer. Specifically, Defendant repeatedly delivered prerecorded voice messages to wrong or reassigned cellular telephone numbers that do not belong to the intended recipients of the Defendant's debt collection calls. *See Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637 (7th Cir. 2012) ("Consent to call a given number must come from its current subscriber.").

1

3. Plaintiff, for his complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

4. The TCPA was enacted to protect consumers from unauthorized calls exactly like those alleged in this Complaint—prerecorded voice calls placed to cellphone numbers without each consumer's prior express consent.

5. By making the telephone calls at issue in this Complaint, Defendant caused Plaintiff and the members of the Class actual harm and cognizable legal injury. To redress these injuries, Plaintiff, on behalf of himself and Class of similarly situated individuals, brings this suit under the TCPA, seeking an injunction requiring Defendant to cease all unauthorized prerecorded calling activities to cellular telephone numbers without first obtaining prior express consent from the current subscriber, as well as an award of statutory damages to the class members, together with costs and reasonable attorneys' fees.

## **PARTIES**

6. Plaintiff Brennan is a natural person over the age of eighteen (18), and he resides in Abbeville, Vermilion Parish, Louisiana.

7. Defendant is a limited liability company with its principal place of business located at 7922 Picardy Avenue, Baton Rouge, LA 70809. Defendant conducts business throughout this District, the State of Louisiana, and the United States.

## **JURISDICTION & VENUE**

8. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227, *et seq.*, a federal statute.

9.      This Court has personal jurisdiction over Defendant because it solicits significant business in this District, is headquartered in this District, and a significant portion of the unlawful conduct alleged in this Complaint occurred in and/or emanated from this District.

10.     Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant resides in this District, conducts a significant amount of consumer business within this District, and because a portion of the wrongful conduct giving rise to this case occurred in and/or was directed from this District.

## ALLEGATIONS OF FACT

11.     Defendant is a debt collection company which places debt collection telephone calls as part of its efforts to collect consumer debt.

12.     At all times relevant, Plaintiff was the subscriber and sole customary user of a personal cellular telephone number ending in 6006.

13.     In an attempt to contact one or more unrelated third parties, Defendant placed numerous calls and delivered artificial or prerecorded voice messages to Plaintiff's cellular telephone number ending in 6006.

14.     Defendant began placing calls and delivering artificial or prerecorded voice messages to Plaintiff's number ending in 6006 on January 23, 2024.

15.     Defendant placed another pre-recorded call to Plaintiff's number ending in 6006 on January 31, 2024.

16.     Defendant placed another pre-recorded call to Plaintiff's number ending in 6006 on March 1, 2024.

17.     Defendant placed another pre-recorded call to Plaintiff's number ending in 6006 on March 6, 2024.

18. Each of the calls mentioned in paragraphs 14-17 featured a prerecorded voice message and each of the calls was placed by Defendant from the number 225-214-3974. Plaintiff knew the calls were pre-recorded because, among other things, the call featured a voice with an unnatural consistent tone that did not make natural pauses as a live human would when engaging in a conversation. Plaintiff's lived experience receiving telemarketing calls throughout his life also made it obvious that the calls at issue were pre-recorded.

19. On information and belief, Defendant placed each call for debt collection purposes, but was not calling to speak to Plaintiff, but rather was calling to speak to a person named Whittington.

20. When dialed, telephone number 225-214-3974 (the number which placed each of the calls at issue to Brennan) plays an identical prerecorded voice message greeting that begins: "Thank you for calling Transfinancial Companies, LLC. Calls may be recorded for training and quality assurance purposes".

21. Defendant did not have Plaintiff's prior express consent to place any calls to his cellular telephone number.

22. Defendant did not have Plaintiff's prior express consent to deliver artificial or prerecorded voice messages to his cellular telephone.

23. Plaintiff has never provided his cellular telephone number to Defendant.

24. Plaintiff never had a business relationship with Defendant.

25. Plaintiff does not have an account in collections with Defendant.

26. Plaintiff does not owe any money to Defendant.

27. Defendant did not place any calls to Plaintiff's number for emergency purposes. Rather, Defendant placed the calls and delivered a prerecorded voice message to Plaintiff's

4

number under its own free will and for purposes of collecting a debt owed by another person.

28. Defendant was, and is, aware that the above-described prerecorded calls were made to consumers like Plaintiff who did not consent to receive them.

29. By making unauthorized prerecorded calls as alleged herein, Defendant has caused consumers actual harm. This includes the aggravation, nuisance and invasions of privacy that result from the receipt of such calls, in addition to the wear and tear on their telephones, consumption of battery life, lost cellular minutes, loss of value realized for the monies consumers paid to their wireless carriers for the receipt of such calls, in the form of the diminished use, enjoyment, value, and utility of their telephone plans. Furthermore, Defendant made the calls knowing that they interfered with Plaintiff and the other class members' use and enjoyment of, and the ability to access, their cellphones, including all related data, software, and hardware components.

30. To redress these injuries, Plaintiff, on behalf of himself and Class of similarly situated individuals, brings this suit under the TCPA, which prohibits unsolicited prerecorded calls to cellular telephones. On behalf of the Class, Plaintiff seeks an injunction requiring Defendant to cease all unauthorized prerecorded calling activities and an award of statutory damages to the class members, together with costs and reasonable attorneys' fees.

## CLASS ACTION ALLEGATIONS

31. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of himself and the Class defined as follows:

> All persons and entities in the United States from four years prior to the filing of this action through the present (1) to whom Defendant placed a call, (2) directed to a number assigned to a cellular telephone service, but not assigned to a person who had an account in collections with Defendant at the time of the call, and (3) using an artificial or prerecorded voice.

32. The following people are excluded from the Class: (1) any Judge or Magistrate

presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assignees of any such excluded persons. Plaintiff anticipates the need to amend the class definition following appropriate discovery.

33. **Numerosity:** The exact number of members within the Class is unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, Defendant has placed prerecorded calls to hundreds or thousands of consumers who fall into the defined Class. However, the exact number of members of the Class can be identified through reference to objective criteria, including Defendant's records.

34. **Typicality:** Plaintiff's claims are typical of the claims of other members of the Class, in that Plaintiff and the members of the Class sustained damages arising out of Defendant's uniform wrongful conduct.

35. **Adequate Representation:** Plaintiff will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in class actions. Plaintiff has no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff nor his counsel has any interest adverse to the Class.

36. **Commonality and Predominance:** There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

(a) whether Defendant's conduct constitutes a violation of the TCPA;

(b) whether Defendant systematically made telephone calls to members of the Class without first obtaining prior express consent to make the calls;

(c) whether Defendant utilized an artificial or prerecorded voice message during its calls to members of the Class;

(d) whether Defendant is liable for artificial or prerecorded messages it delivered to persons who did not have an account in collections with it; and

(e) the availability of statutory damages and whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

37. **Appropriateness:** This class action is also appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Class and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

**CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227, *et seq.*)**
**(On Behalf of Plaintiff and the Prerecorded No Consent Class)**

38. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

39. Defendant made prerecorded telephone calls to cellular telephone numbers belonging to Plaintiff and other members of the Class without first obtaining prior express written consent to receive such calls.

40. Defendant utilized an artificial or pre-recorded voice in placing the calls at issue.

41. By making the unsolicited telephone calls to Plaintiff and the Class members' cellular telephones without their prior express written consent, and by utilizing a prerecorded voice to make those calls, Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii).

42. As a result of Defendant's unlawful conduct, Plaintiff and the members of the Class are each entitled a minimum of Five Hundred Dollars ($500.00) in damages for each such violation of the TCPA.

43. If the violations are deemed wilful by a trier of fact, Plaintiff and the members of the Class are entitled to treble damages for each such violation of the TCPA.

44. In the event that the Court determines that Defendant's conduct was willful and knowing, it may, under 47 U.S.C. § 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and the other members of the Prerecorded No Consent Class.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, on behalf of himself and the Class, prays for the following relief:

A. An order certifying the Class as defined above, appointing Plaintiff as the representative of the Class and appointing his counsel as Class Counsel;

B. An award of statutory damages in the amount of five hundred dollars ($500.00) for each violation, whichever is greater all to be paid into a common fund for the benefit of the Plaintiff and the class members;

  C. An order declaring that Defendant's actions, as set out above, violate the TCPA and appropriate injunctive relief;

  D. An award of pre- and post-judgment interest;

  E. An award of reasonable attorneys' fees and costs to be paid out of the common fund prayed for above; and

  F. Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Respectfully submitted,

Dated: February 7, 2025

**JOSEPH BRENNAN**, individually and on behalf of all others similarly situated,

By: /s/ Nicholas Berg
  One of Plaintiff's Attorneys

Nicholas Berg (No. 33006)
nick@berglaw.us
**Berg Law LLC**
1100 Poydras Street, St. 2200
New Orleans, LA 70163
Telephone: 504-688-4402

Patrick H. Peluso*
ppeluso@pelusolawfirm.com
**PELUSO LAW, LLC**
865 Albion Street, Suite 250
Denver, Colorado 80220
Telephone: (720) 805-2008

Attorneys for Plaintiff and the Alleged Class

* *Pro Hac Vice admission to be sought*

9